UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE NOZISKA and<br>TERRY NOZISKA,<br><br>Plaintiffs,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC.,<br><br>Defendant. | No.  2:15-cv-02035-TLN-EFB<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs JOANNE NOZISKA AND TERRY NOZISKA ("Plaintiffs") and Defendant

DEPUY ORTHOPAEDICS, INC. ("DePuy"), (hereafter collectively "Parties" or "the Parties"),

hereby stipulate and agree, through their respective attorneys of record, to the entry of this

Protective Order to protect the confidential status of protected information during discovery in

this litigation.

1.      This is a medical device product liability action in which the Plaintiffs allege that

the DePuy Agility LP ankle system implanted in Joanne Noziska failed.  The parties anticipate

that discovery and expert disclosures will encompass certain confidential and proprietary

information of DePuy, which designs, manufactures and sells orthopaedic prescription medical

devices.  The orthopaedic medical device field is a highly regulated industry in which DePuy and

its many competitors must expend substantial resources creating processes and procedures to

comply with the FDA's good manufacturing practices regulations, and submitting confidential

design, manufacturing, materials, and process information to the FDA before such devices can be

marketed.  Accordingly, the Parties have agreed a Protective Order is appropriate to prevent the

improper disclosure or use of such information while permitting plaintiffs the access necessary to

evaluate and prosecute their claims.

2.      "Protected Information" means a trade secret or other confidential research,

development, or commercial information properly designated and labeled as such by the party

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  producing it.  Examples of such Protected Information are:

2       a.   Engineering drawings showing the design and exact dimensions,

3         specifications, tolerances, and similar information related to the DePuy

4         Agility LP Tibial Insert P/N 1404-34-000, Lot No.C4GD11000, the Agility

5         LP Tibial Tray, P/N 1404-14-000, Lot No. C13811000, and the Agility LP

6         Talar, P/N 1404-04-000, Lot No. A3NF31000, the products at issue in this

7         litigation;

8       b.   Specifications, certifications and manufacturing process descriptions and

9         records which reflect how DePuy manufactures the DePuy Agility LP

10         Tibial, P/N 1404-34-000; Lot No. C4GD11000, the Agility LP Tibial Tray,

11         P/N 1404-14-000, Lot No. C13811000, and the Agility LP Talar, P/N

12         1404-04-000, Lot No. A3NF31000, the products at issue in this litigation;

13       c.   DePuy's internal processes, complaint investigation, sales statistics, and

14         other similar matters which are confidential and proprietary and have

15         independent economic value because they are not known to DePuy's

16         competitors and have entailed substantial cost to develop and are necessary

17         for a medical device company to comply with governing FDA regulations;

18         and

19       d.   Information classified as confidential by federal or state law or regulation.

20      3.   Protected Information shall be used only for the conduct of this litigation and for

21  no other purpose whatsoever, and shall not be given, shown, made available, or communicated in

22  any way to anyone except:

23       a.   The Court and court personnel (including the court having jurisdiction over

24         any appeal);

25       b.   Court reporters used in connection with the litigation;

26       c.   Any person who (i) wrote or received a copy of the document designated

27         confidential before it was furnished in this litigation, or (ii) was present or

28

- 2 -

1

2

participated in a meeting or discussion of the protected information before

it was furnished in this litigation;

3

4

5

d.    Any mediators, secretaries, paraprofessional assistants, and other

employees of such mediators who are actively engaged in assisting the

mediators in connection with this matter;

6

e.    Employees of outside copying, document imaging and facsimile services;

7

8

9

f.    Present counsel of record for the parties and secretaries, paraprofessional

assistants, and other employees or agents of such counsel who are actively

engaged in assisting counsel in connection with this matter;

10

11

12

13

g.    The parties themselves and outside experts or consultants whose advice

and consultation are being or will be used by the parties in connection with

preparing for the litigation, and the staffs of such experts or consultants;

and

14

h.    Witnesses or deponents in the course of this litigation.

15

16

4.    Disclosure shall be made to persons identified in subparagraphs 3.g and h above

17

only as necessary for the litigation, and only after the person to whom disclosure is made has

18

been informed of the Protective Order, and has agreed in writing to be bound by it, by signing

19

the form of acknowledgment attached to this Protective Order as *Attachment A.*  The terms of

20

this Protective Order shall be explained to such persons by the persons disclosing the

21

22

Protected Information. The executed acknowledgment shall be retained by counsel disclosing

23

the Protected Information. Protected Information shall not be disclosed to any person in any

24

manner not specified in this Protective Order.

25

5.    The party and counsel receiving Protected Information, and their consultants and

26

experts, shall keep it within their exclusive possession and control, except as provided in

27

paragraph 3, shall maintain such material and information in their offices or other secure

28

- 3 -

STIPULATED PROTECTIVE ORDER

facility, and shall not make copies, extracts, summaries, or descriptions of the Protected

Information or any portion thereof, except as convenient or necessary for use in this litigation.

6.    Designation of information as Protected Information is not determinative of

whether the designation is appropriate. If a party seeks to challenge the designation on the

ground that such protection is not warranted under controlling law, the following procedure

shall be utilized:

a.    The party challenging the designation shall give counsel for

the designating party notice, in writing, specifying the

Protected Information for which the designation is

challenged and the reasons for the challenge;

b.    If the parties cannot reach agreement, the party designating

the Protected Information shall, within 15 days of receipt of

that notice, file and serve a motion and supporting brief

seeking the protection of this information. The party filing a

brief containing or referring to Protected Information shall

seek leave to file it under seal, and the other party shall not

oppose such request. The designated Protected Information

shall remain confidential until the issue is resolved by the

Court or by the agreement of the parties.

c.    On any motions arising out of the designation of any

material as Protected Information, the burden of justifying

the designation shall lie with the designating party.

- 4 -

7.       Before briefs and related documents which contain or refer to Protected

Information are filed with the Court, counsel for Plaintiffs and counsel for DePuy shall confer

in good faith to discuss how to avoid disclosing Protected Information in the filing. If counsel

cannot agree on a method to avoid disclosing Protected Information in the filing, then the

party seeking to file a brief or related documents shall also file a motion for leave to file under

seal the brief and related documents, in accordance with local rules and governing law. The

parties shall serve each other by email with copies of the materials that are sought to be filed

under seal.

8.       Before a party moves to file under seal any brief or related document containing its

Protected Information, counsel for that party shall perform a document-specific, good faith

examination of the brief or related documents to be filed under seal to ensure that they meet

the legal and factual criteria for such treatment. In the event a party receiving Protected

Information files under seal a brief or related material containing the other party's Protected

Information, counsel for the designating party shall perform a document-specific, good faith

examination of the materials filed under seal to ensure that they meet the legal and factual

criteria for continued maintenance under seal and will promptly file a request with the Court

that the filings be unsealed if those criteria are not met. If material being maintained by the

Court under seal no longer meets the legal and factual criteria for continued maintenance

under seal - because of the passage of time or some other development - the designating party

shall promptly file a request with the Court that the filings be unsealed.

9.       The parties shall be entitled to identify on their final exhibit lists and use Protected

Information for trial; *provided, however,* counsel for the designating party shall be entitled to

seek appropriate protection, by motions in limine or otherwise, for any document so

identified.

- 5 -

10.     Any non-party from whom discovery is sought shall have the same rights and be subject to the same obligations under this Protective Order as if it were a party. The undersigned will treat as confidential Protected Information designated by a non-party in accordance with this Protective Order, regardless whether the non-party is or becomes a signatory to this Protective Order.

11.     Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall govern inadvertent production of privileged materials.  Upon notice that a document or item containing privileged information has been produced, the producing party shall promptly notify the receiving parties of the claim of privilege and the basis for it. Within three business days after receipt of a notice that a document or item containing privileged information has been produced, the receiving party shall return, sequester or destroy the document or item, and all copies thereof, until the claim has been resolved, even if the party disputes the underlying privilege. To the extent that the information in the document or item has already been used or described in other documents generated or maintained by a receiving party, the receiving party shall take steps promptly to retrieve and sequester such documents until the privilege claim has been resolved. If a receiving party disclosed the information being notified of its inadvertent production, the receiving party shall take reasonable steps to retrieve that information until the privilege claim has been resolved. A party's return of allegedly privileged materials is without prejudice to its right to seek a judicial determination of that privilege claim.

12.     If any party or person subject to this Protective Order violates or threatens to violate any of its terms, an aggrieved party may immediately apply to the Court for appropriate relief permitted under the Federal Rules of Civil Procedure.

- 6 -

1

2
13.     If another court or an administrative agency subpoenas or otherwise orders

3
production of Protected Information obtained under this Protective Order, the person to whom

4
the subpoena or other process is directed shall promptly notify counsel for the designating

5
party in writing via fax and overnight delivery of all of the following: (1) the Protected

6
Information that is requested by the subpoena; (2) the date on which compliance with the

7
subpoena is requested; (3) the location at which compliance with the subpoena is requested;

8

9
(4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and

index, docket, complaint, charge, civil action or other identification number or other
10
designation identifying the litigation, administrative proceeding or other proceeding in which
11
the subpoena or other process has been issued.  In no event shall Protected Information be
12

13
produced before the expiration of fifteen business days after written notice to counsel for the

14
designating party. Furthermore, the person receiving the subpoena or other process shall

15
cooperate with the producing party in any proceeding related thereto.

16

17
14.     This Protective Order shall be binding on the parties upon execution by counsel,

18
regardless whether or when the Court enters the Protective Order; *provided however* that if

19
the Court revises the Protective Order, then the Court's version will control.

20

21
15.     Upon final termination of this action, whether by judgment (including any

22
appeals), settlement or otherwise, counsel for the receiving party shall, upon request by the

23
designating party,  certify on personal knowledge in writing that they have either (a) returned to

24
counsel for the designating party, or (b) shredded or destroyed,  all Protected Information in their

25
possession or subject to their control or furnished to consultants and/or experts, including without

26
limitation, those documents whether in paper or electronic format, and all copies, summaries and
27
extracts of such documents.
28

- 7 -

1
2
3
4
5
6
7
8

For all confidential documents in electronic format, counsel for the receiving party shall, upon request by the designating party, certify on personal knowledge in writing that such documents have been permanently deleted from all systems on which they are or were stored or transmitted including, without limitation, personal computers, electronic tablets, smart phones, portable electronic storage devices (such as flash drives, thumb drives, and personal hard drives), networked storage devices, and servers, along with back-up, replicated, and offline copies for all of the foregoing devices.

9
10
11
12
13

16.     The terms of this Protective Order shall survive and remain in effect after the termination of this lawsuit. To the extent permitted by local rules and governing law, counsel for the designating party shall be entitled to contact the Court to claim and retrieve documents containing Protective Information that were submitted to the Court.

14
15
16
17
18
19
20

17.     This Protective Order may be modified in writing by agreement of the parties or by order of the Court, consistent with controlling law.  Until modification is granted by agreement or order of the Court, the terms of this Agreement shall govern.  Provisions for the use of such information at trial similarly shall be made by agreement or by pre-trial order governing the use and protection of the record, consistent with controlling law relating to public access to judicial documents.

21
22

**STIPULATED TO and CONSENTED TO BY COUNSEL OF RECORD:**

23
24
25
26
27
28

DATED: _____

Signature on original

JAMES G. O'BRIEN (SBN 308239)
*jim@toledolaw.com*
**ZOLL & KRANZ, LLC**
6620 West Central Avenue, Suite 100
Toledo, OH 43617
Telephone:     (419) 841-9623
Facsimile:     (419) 841-9719

- 8 -

1

2          DAVID SMITH
           ELISA ZITANO
3          *dsmith@smithzitanolaw.com*
           **SMITH ZITANO LAW**
4          641 Fulton Avenue, #200
           Sacramento, CA 95825
5          Telephone:      (916) 333-5933

6          *Attorneys for Plaintiffs*

7
                              Signature on original
     DATED: _____
8                                         GABRIELLE ANDERSON-THOMPSON
                                          (SBN 247039)
9                                         *gathompson@btlaw.com*
                                          **BARNES & THORNBURG LLP**
10                                        2029 Century Park East, Suite 300
                                          Los Angeles, California  90067
11                                        Telephone:      (310) 284-3880
                                          Facsimile:      (310) 284-3894
12
                                          JOSEPH G. EATON (Admitted *Pro Hac Vice*)
13                                        *joe.eaton@btlaw.com*
                                          **BARNES & THORNBURG LLP**
14                                        11 South Meridian Street
                                          Indianapolis, IN  46204
15                                        Telephone:      (317) 231-7705
                                          Facsimile:      (317) 231-7433
16
                                          *Attorneys for Defendant*
17                                        *DEPUY ORTHOPAEDICS, INC.*

18

19   PURSUANT TO STIPULATION, IT IS SO ORDERED.

20   DATED:  April 13, 2016.

21                              _____
                                EDMUND F. BRENNAN
22                              UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28
                              - 9 -
     STIPULATED PROTECTIVE ORDER

1

2

**EXHIBIT "A"**

3

**CONFIDENTIALITY AGREEMENT**

4

      The undersigned hereby acknowledges that he/she has read the Protective Order executed

5

by the attorneys of record for the parties in the action presently pending in the United States

6

District Court for the Eastern District of California, captioned *Joanne Noziska and Terry Noziska*

7

*v. DePuy Orthopaedics, Inc., et al.*, Case No. 2:15-cv-02035, and understands the terms thereof

8

and agrees, upon threat of penalty of contempt, to be bound by such terms.

9

10

Dated: _____          By: _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER